**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (AZ Bar No. 030204)
Christopher J. Bendau (AZ Bar No. 032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Fax: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
          chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Ebony Williams**, | No. _____ |
| Plaintiff, | |
| v. | **COMPLAINT** |
| **The AZ Fry Guy, LLC**, an Arizona Limited Liability Company; **A Taste of Soul, LLC**, an Arizona Limited Liability Company; **Gregory P. Hall and Jane Doe Hall,** a married couple; and **Raisins K. Mitchell and John Doe Mitchell**, | |
| Defendants. | |

Plaintiff, Ebony Williams ("Plaintiff"), sues the Defendants, The AZ Fry Guy,

LLC ("Defendant AZ Fry Guy"); A Taste of Soul, LLC ("Defendant A Taste of Soul");

Gregory P. Hall and Jane Doe Hall; and Raisins K. Mitchell and John Doe Mitchell

(collectively "Defendants" or "The AZ Fry Guy") and allege as follows:

**PRELIMINARY STATEMENT**

1.      This is an action for unpaid minimum wages, unpaid overtime wages,

liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards

Act ("FLSA"), 29 U.S.C. § 201, et seq.; unpaid minimum wage under the Arizona

-1-

Minimum Wage Act ("AMWA"), Arizona Revised Statutes ("A.R.S.") Title 23, Chapter 2, Article 8; and unpaid wages under the Arizona Wage Act ("AWA"), A.R.S. Title 23, Chapter 2, Article 7.

2.      The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981).  Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks.  See 29 U.S.C. § 206(a).  Under the FLSA, employers must pay all non-exempt employees one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek.  See 29 U.S.C § 207.

3.      The Arizona Minimum Wage Act, A.R.S § 23-363, establishes a minimum wage within the State of Arizona.

4.      The AWA, A.R.S. § 23-350, et seq., establishes standards for wage payments to employees within the State of Arizona.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States.  This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

7.      At all material times, Plaintiff is an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

8.      At all material times, Defendant The AZ Fry Guy, LLC was a limited liability company duly licensed to transact business in the State of Arizona.  At all material times, Defendant The AZ Fry Guy, LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

9.      At all relevant times, Plaintiff was an employee of Defendant The AZ Fry Guy, LLC.  At all relevant times, Defendant The AZ Fry Guy, LLC, acting through its agents, representatives, employees, managers, members, and/or other representatives had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  In any event, at all relevant times, Defendant The AZ Fry Guy, LLC was an employer subject to the Fair Labor Standards Act (FLSA) and employed Plaintiff.

10.     Defendant The AZ Fry Guy, LLC is an employer under the FLSA.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of

-3-

an employer in relation to an employee. Defendant The AZ Fry Guy, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendant The AZ Fry Guy, LLC in relation to the company's employees, Defendant The AZ Fry Guy, LLC is subject to liability under the FLSA.

11.     At all material times, Defendant A Taste of Soul, LLC was a limited liability company duly licensed to transact business in the State of Arizona. At all material times, Defendant A Taste of Soul, LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

12.     At all relevant times, Plaintiff was an employee of Defendant A Taste of Soul, LLC. At all relevant times, Defendant A Taste of Soul, LLC, acting through its agents, representatives, employees, managers, members, and/or other representatives had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. In any event, at all relevant times, Defendant A Taste of Soul, LLC was an employer subject to the Fair Labor Standards Act (FLSA) and employed Plaintiff.

13.     Defendant A Taste of Soul, LLC is an employer under the FLSA. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of

an employer in relation to an employee.  Defendant A Taste of Soul, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As a person who acted in the interest of Defendant A Taste of Soul, LLC in relation to the company's employees, Defendant A Taste of Soul, LLC is subject to liability under the FLSA.

14.     Defendants Gregory P. Hall and Jane Doe Hall are, upon information and belief, husband and wife.  They have caused events to take place giving rise to this action as to which their marital community is fully liable.  Defendants Gregory P. Hall and Jane Doe Hall are the owners of Defendant The AZ Fry Guy and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

15.     Under the FLSA, Defendants Gregory P. Hall and Jane Doe Hall are employers.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  Defendants Gregory P. Hall and Jane Doe Hall are the owners of Defendant The AZ Fry Guy.  They had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As persons who acted in the interest of Defendants in relation to the company's employees, Gregory P. Hall and Jane Doe Hall are subject to individual liability under the FLSA.

16.     Defendants Raisins K. Mitchell and John Doe Mitchell are, upon information and belief, husband and wife.  They have caused events to take place giving rise to this action as to which their marital community is fully liable.  Defendants Raisins K. Mitchell and John Doe Mitchell are the owners of The AZ Fry Guy and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

17.     Under the FLSA, Defendants Raisins K. Mitchell and John Doe Mitchell are employers.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  Defendants Raisins K. Mitchell and John Doe Mitchell are the owners of Defendant The AZ Fry Guy.  They had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As persons who acted in the interest of Defendants in relation to the company's employees, Raisins K. Mitchell and John Doe Mitchell are subject to individual liability under the FLSA.

18.     Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

19.     Defendants, and each of them, are sued in both their individual and corporate capacities.

20.     Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

21.     At all relevant times, all Defendants were joint employers of Plaintiff.

22.     At all relevant times: (1) Defendants were not completely disassociated with respect to the employment of Plaintiff; and (2) Defendants were under common control.  In any event, at all relevant times, Defendants were joint employers under the FLSA, 29 C.F.R. § 791.2(b), and *Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 917-918 (9th Cir. 2003), and employed Plaintiffs.

23.     Further, at all relevant times, Defendants have operated as a "single enterprise" within the meaning of the FLSA, 29 U.S.C. § 203(r)(1).  That is, Defendants perform related activities through unified operation and common control for a common business purpose.  *See Brennan v. Arnheim and Neely, Inc.*, 410 U.S. 512, 515 (1973); *Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 914-15 (9th Cir. 2003).

24.     At all relevant times, Plaintiff was an "employee" of The AZ Fry Guy, LLC and Gregory P. Hall and Jane Doe Hall as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

25.     The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to he AZ Fry Guy, LLC and Gregory P. Hall and Jane Doe Hall.

26.     At all relevant times, he AZ Fry Guy, LLC and Gregory P. Hall and Jane Doe Hall were and continue to be "employers" as defined by FLSA, 29 U.S.C. § 201, *et seq*.

27.     The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendants.

28.     At all relevant times, Plaintiff was an "employee" of Defendants as defined by A.R.S. § 23-350.

-7-

29.     At all relevant times, Defendants were and continue to be "employers" as defined by A.R.S. § 23-350.

30.     At all relevant times, Plaintiff was an "employee" of Defendants as defined by A.R.S. § 23-362.

31.     At all relevant times, Defendants were and continue to be "employers" as defined by A.R.S. § 23-362.

32.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

33.     Plaintiff, in her work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

34.     At all relevant times, Plaintiff, in her work for Defendants, was engaged in commerce or the production of goods for commerce.

35.     At all relevant times, Plaintiff, in her work for Defendants, was engaged in interstate commerce.

36.     Plaintiff, in her work for Defendants, regularly handled goods produced and transported in interstate commerce.

37.     Plaintiff, in her work for Defendants, regularly accepted credit card payments from customers.

## NATURE OF THE CLAIM

38.     Defendants own and/or operate as The AZ Fry Guy, an enterprise located in Maricopa County, Arizona.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

39.     Plaintiff was hired by Defendants, and Plaintiff worked for Defendants between approximately January 2017 and April 2019.

40.     Defendants improperly classified Plaintiff as an independent contractor. However, at all times, Plaintiff was an employee of Defendants.

41.     Defendants, in their sole discretion, compensated Plaintiff at an hourly rate that was subject to a tip credit and thus less than the applicable minimum wage for all hours she worked.

42.     Defendants compensated Plaintiff the same, sub-minimum hourly rate for hours she worked in excess of 40 hours per week.

43.     Defendants hired/fired, issued pay, supervised, directed, disciplined, scheduled, and performed all other duties generally associated with that of an employer with regard to Plaintiff.

44.     Defendants instructed Plaintiff about when, where, and how to perform their work.

45.     The following further demonstrates Plaintiff's status as employees:

       a.      Defendants had the sole right to hire and fire;

       b.      Little to no skill was required for the work that Plaintiff performed;

       c.      Defendants made the decision not to pay minimum wage or overtime;

       d.      Defendants supervised Plaintiff and subjected Plaintiff to their rules;

       e.      Plaintiff has no financial investment with Defendants' business;

       f.      Plaintiff had no opportunity for profit or loss in the business;

g.      The services rendered by Plaintiff in her work for Defendants were integral to Defendants' business;

h.      Plaintiff was hired as permanent an employee, typically working for Defendants at least five (5) days per week for the duration of her employment.

46.     Defendants classified Plaintiff as an independent contractor to avoid Defendants' obligation to pay Plaintiff minimum wage, overtime, and other wages.

47.     Defendants did not inform Plaintiff of the provisions of 29 U.S.C. § 203(m) and its supporting regulations prior to imposing a tip credit upon her wages, in violation of 29 U.S.C. § 206(a).

48.     As such, Defendants were not entitled to impose any tip credit upon Plaintiff's wages and, consequently, paid Plaintiff less than the applicable minimum wage, in violation of 29 U.S.C. § 206 and A.R.S. § 23-363.

49.     Defendants should have therefore paid the full applicable, Arizona minimum wage to Plaintiff for all time that she worked during the course of her regular 40-hour workweeks.

50.     As such, the full applicable minimum wage for such time is owed to Plaintiff for the entire time she was employed by Defendants.

51.     Defendants did not inform Plaintiff of the amount of cash wage the Defendants were paying Plaintiff.

52.     Defendants did not inform Plaintiff of the additional amount claimed by Defendant as a tip credit.

53.     Defendants did not inform Plaintiff that the tip credit claimed by Defendants cannot exceed the amount of tips actually received by Plaintiff.

54.     Defendants did not inform Plaintiff that all tips received by Plaintiff were to be retained by Plaintiff except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips.

55.     Defendants did not inform Plaintiff that the tip credit would not apply to any tipped employee unless the tipped employee had been informed of the tip credit provisions of 29 U.S.C. § 203(m) and its supporting regulations.

56.     Defendants did not provide written notice to Plaintiff prior to exercising the tip credit, in violation of Arizona Administrative Code ("A.A.C.") provision § R20-5-1207 and A.R.S. Title 23.

57.     Thereafter, Defendants did not notify Plaintiff in writing each pay period of the amount per hour that Defendants took as a tip credit, in violation of A.A.C. § R20-5-1207 and A.R.S. Title 23.

58.     Therefore, Defendants were precluded from exercising a tip credit against Plaintiff's wages.

59.     As a result of such failure by Defendants, Defendants failed to pay the applicable Arizona minimum wage rate to Plaintiff for the entire duration of her employment, in violation of A.R.S. Title 23.

60.     As a result of Defendants' willful failure to compensate Plaintiff the applicable minimum wage for such hours worked, Defendants have violated 29 U.S.C. § 206(a).

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

61.     At all relevant times during Plaintiff's work for Defendants, Defendants did not pay Plaintiff one and one-half times her regular rate of pay for time she worked in excess of 40 hours in a given workweek.

62.     Therefore, Defendants failed to pay Plaintiff overtime wages for all hours worked for Defendants in excess of 40 hours per workweek.

63.     As a result of Defendants' failure to compensate Plaintiff the applicable overtime wage for all hours worked over 40 in a given workweek, Defendants violated 29 U.S.C. § 207(a).

64.     In addition, Defendants paid Plaintiff no wages whatsoever for the final pay period of her employment.

65.     During this time, Plaintiff worked approximately 48 hours in a given workweek for Defendants without receiving any wage whatsoever from Defendants.

66.     As a result of not having paid any wage whatsoever to Plaintiff during her final pay period with Defendants, Defendants failed to pay the applicable minimum wage to Plaintiff.

67.     As a result of not having paid any wage whatsoever to Plaintiff during her final pay period with Defendants, Defendants failed to pay the applicable overtime wage to Plaintiff for time she worked in excess of 40 hours in a given workweek.

68.     As a result of Defendants' willful failure to compensate Plaintiff the applicable minimum wage, Defendants have violated 29 U.S.C. § 206(a).

69.     As a result of Defendants' failure to compensate Plaintiff the applicable overtime wage for all hours worked over 40 in a given workweek, Defendants violated 29 U.S.C. § 207(a).

70.     As a result of Defendants' willful failure to compensate Plaintiff the applicable minimum wage, Defendants have violated A.R.S. § 23-363.

71.     As a result of Defendants' willful failure to compensate Plaintiff the applicable overtime rate for time worked in excess of 40 hours in a given workweek, Defendants failed to pay wages due and owing to Plaintiff, in violation of A.R.S. § 23-352.

72.     As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for the final two weeks of her employment, Defendants failed to pay wages due and owing to Plaintiff, in violation of A.R.S. § 23-352.

73.     Defendants knew that – or acted with reckless disregard as to whether – its failure to pay Plaintiff the applicable minimum wage rate would violate federal and state law, and Defendants were aware of the FLSA and Arizona minimum wage requirements during Plaintiff's employment with Defendants.  As such, Defendants' conduct constitutes a willful violation of Arizona wage laws.

74.     Defendants engaged in the regular practice of failing to accurately, if at all, record the time during which Defendants suffered or permitted Plaintiff to work.  As such, Defendants' records of Plaintiff's time worked, if in existence, understate the duration of time each workweek that Defendants suffered or permitted Plaintiff to work.

75.     Plaintiff is a covered employee within the meaning of the Fair Labor Standards Act ("FLSA").

76.     Plaintiff was a non-exempt employee.

77.     Defendants refused and/or failed to properly disclose to or apprise Plaintiff of her rights under the FLSA.

78.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

79.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

80.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the unpaid wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S § 23-363.

81.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover an amount that is treble her unpaid or underpaid wages under A.R.S. § 23-352.

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY MINIMUM WAGE

82.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

83.     Defendants did not inform Plaintiff of the provisions of the "tip credit" and 29 U.S.C. § 203(m) and its supporting regulations.

84.     Defendants therefore did not pay Plaintiff the applicable minimum wage according to the provisions of the FLSA for each and every workweek that Plaintiff and worked for Defendants, for the duration of her employment, in violation of 29 U.S.C. § 206(a).

85.     As such, full applicable minimum wage for such time Plaintiff worked is owed to Plaintiff for the entire time she was employed by Defendants.

86.     Defendants knew that – or acted with reckless disregard as to whether – their failure to pay to Plaintiff the full minimum wage over the course of her employment would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff's employment.  As such, Defendants' conduct constitutes a willful violation of the FLSA.

87.     Plaintiff and the Collective Members are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Ebony Williams, respectfully requests that this Court grant the following relief in her favor, and against Defendants:

A.     For the Court to declare and find that the Defendants committed one of more of the following acts:

i.     Violated minimum wage provisions of the FLSA, 29 U.S.C. §
       206(a), by failing to pay proper minimum wages;

ii.    Willfully violated minimum wage provisions of the FLSA, 29
       U.S.C. § 206(a);

B.     For the Court to award Plaintiff's unpaid minimum wage damages, to be
       determined at trial;

C.     For the Court to award compensatory damages, including liquidated
       damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D.     For the Court to award prejudgment and post-judgment interest;

E.     For the Court to award Plaintiff reasonable attorneys' fees and costs of the
       action pursuant to 29 U.S.C. § 216(b) and all other causes of action set
       forth herein;

F.     Such other relief as this Court shall deem just and proper.

## COUNT TWO: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY OVERTIME

88.    Plaintiff realleges and incorporates by reference all allegations in all
preceding paragraphs.

89.    Defendants compensated Plaintiff at an hourly rate that was subject to a tip
credit and thus less than the applicable minimum wage for all hours she worked.

90.    Rather than paying Plaintiff one and one-half times her regular rate of pay
for all hours worked in excess of 40 hours in a given workweek, Defendants paid Plaintiff
the same hourly rate for all hours worked in excess of 40 in a given workweek.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

91.    Defendants' practice of failing to pay Plaintiff overtime wages violates the FLSA, 29 U.S.C. § 207(a).

92.    Defendants knew that – or acted with reckless disregard as to whether – its failure to pay Plaintiff the proper overtime rate would violate federal state law, and Defendants were aware of the FLSA overtime requirements during Plaintiff's employment.  As such, Defendants' conduct constitutes a willful violation of the FLSA.

93.    None of the exemptions provided by the FLSA regulating the duty of employers to pay employees one and one-half times the regular rate of pay for all hours worked in excess of 40 hours in a workweek are applicable to Defendants or Plaintiff.

94.    Plaintiff is therefore entitled to compensation of one and one-half times their regular rates of pay for all hours worked in excess of 40 hours in a workweek, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Ebony Williams, respectfully requests that this Court grant the following relief in their favor, and against Defendants:

A.    For the Court to declare and find that the Defendants committed one of more of the following acts:

i.    Violated overtime provisions of the FLSA, 29 U.S.C. § 207(a), by failing to pay proper overtime wages;

ii.    Willfully violated overtime provisions of the FLSA, 29 U.S.C. § 207(a);

B.     For the Court to award Plaintiff's unpaid overtime damages, to be determined at trial;

C.     For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D.     For the Court to award prejudgment and post-judgment interest;

E.     For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F.     Such other relief as this Court shall deem just and proper.

## COUNT THREE: ARIZONA MINIMUM WAGE ACT FAILURE TO PAY MINIMUM WAGE

95.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

96.     Defendants failed to inform Plaintiff of the provisions of the "tip credit" and A.R.S. § 23-363 and its supporting regulations.  Therefore, Defendants were precluded from imposing a tip credit upon Plaintiff's wages.  As such, Defendants could not have paid less than the Arizona minimum wage rate and still complied with Arizona law.

97.     Defendants did not provide written notice to Plaintiff and the Class Members prior to exercising the tip credit, in violation of Arizona Administrative Code ("A.A.C.") provision § R20-5-1207 and A.R.S. Title 23. Thereafter, Defendants did not notify Plaintiff in writing each pay period of the amount per hour that Defendants took as

-18-

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

a tip credit, in violation of A.A.C. § R20-5-1207 and A.R.S. Title 23. Therefore, Defendants were precluded from exercising a tip credit against Plaintiff's wages.

98.   As a result of such failure by Defendants, Defendants failed to pay the applicable Arizona minimum wage rate to Plaintiff for the entire duration of her employment, in violation of A.R.S. Title 23.

99.   Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff the applicable minimum wage rate would violate Arizona law, and Defendants were aware of the Arizona minimum wage requirements during Plaintiff's employment with Defendants.  As such, Defendants' conduct constitutes a willful violation of Arizona wage laws.

100.   Plaintiff is therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Ebony Williams, individually, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.   For the Court to declare and find that the Defendants committed one of more of the following acts:

i.   that the Defendants violated the minimum wage provisions of A.R.S. § 23-363 by failing to pay proper minimum wages;

ii.   that the Defendants willfully violated the minimum wage provisions of A.R.S. § 23-363 by failing to pay proper minimum wages;

B.     For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C.     For the Court to award compensatory damages, including liquidated damages pursuant to A.R.S. § 23-363, to be determined at trial;

D.     For the Court to award prejudgment and post-judgment interest;

E.     For the Court to award Plaintiff's reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364 and all other causes of action set forth herein;

F.     Such other relief as this Court shall deem just and proper.

## COUNT FOUR: ARIZONA WAGE ACT
## FAILURE TO PAY WAGES OWED

101.   Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

102.   Defendants' practice of willfully failing to pay Plaintiff wages for labor performed violates Arizona Wage Law, ARS § 23-351.

103.   Plaintiff is therefore entitled to compensation for the difference between wages paid and not paid, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiff, Ebony Williams, individually, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.     For the Court to declare and find that the Defendants violated A.R.S. Title 23, Chapter 2, by failing to pay wages owed to Plaintiff;

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

B.    For the Court to award compensatory damages, including treble the amount of wages owed to Plaintiff, pursuant to A.R.S. § 23-355, to be determined at trial;

C.    For the Court to award prejudgment and post-judgment interest;

D.    For the Court to award Plaintiff's reasonable attorneys' fees and costs of the action;

E.    Such other relief as this Court shall deem just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 11th day of June, 2019.

BENDAU & BENDAU PLLC

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II
*Attorney for Plaintiff*